Steve J. Fitzpatrick, Esq.
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
Liberty Center, Ste. 302
9 Third Street North
Great Falls, MT 59401
Telephone: 406.403.0041
Fax: 406.453.1634
stevef@bkbh.com

Attorneys for Golden Bear Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GOLDEN BEAR INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SBD ENTERPRISES, INC. d/b/a AMERICA WILD WEST,<br><br>Defendant. | Case No. CV-25-71-BLG-TJC<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, GOLDEN BEAR INSURANCE COMPANY ("Golden Bear"), by its counsel, Steve Fitzpatrick of Browning Kaleczyc Berry and Hoven P.C., files this Complaint for Declaratory Judgment against Defendant, SBD ENTERPRISES, INC. d/b/a AMERICA WILD WEST ("SBD"), and in support thereof, alleges as follows:

1

## Nature of Action

1.      Golden Bear brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaration that it has no duty under the Golden Bear Policy to defend or indemnify SBD in connection with a lawsuit filed by Neal Beamonth, as the personal representative of the Estate of Beau Harlan Beaumont ("the Estate") against, in part, SBD alleging SBD is liable for the death of Beau Harlan Beaumont ("Beau") at America's Wild West at 4910 Southgate Drive, Billings, Yellowstone County, Montana ("the Bar").

## Parties

2.      Plaintiff Golden Bear is a California insurance company with its principal place of business located in Stockton, California.

3.      Defendant SBD is a Montana corporation with its principal place of business located in Billings, Montana.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.

5.      Jurisdiction is further appropriate because this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

2

6. An actual case and controversy of a justiciable nature exists between the parties involving the rights and obligations under a policy of insurance issued by Golden Bear to SBD.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, and because SBD resides in this judicial district.

## Factual Background

8. On February 27, 2023, the Estate filed a lawsuit against SBD and America Foods, Inc. in the Thirteenth Judicial District Court of Yellowstone County, Montana, Case No. DV-56-2023-0000203-PI ("the Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit ("the Complaint") is attached hereto as **Exhibit A**.

9. The Complaint alleges the Bar is a bar and night club and that America Foods and SBD act in concert to operate the Bar. Ex. A, ¶ 8–10.

10. The Complaint alleges that on the night of on February 3-4, 2023, or February 4-5, 2023, bouncers at the Bar broke up a fight between Beau and Xavier Buffalo ("Buffalo"). Ex. A, ¶ 14.

11. The Complaint alleges that on February 11-12, 2023, Beau went to the Bar with several friends and that Buffalo was also at the Bar. Ex. A, ¶ 15-16.

12. The Complaint alleges Buffalo was only 18 years old at the time and that Buffalo consumed alcohol inside the Bar. Ex. A, ¶ 17-18.

13. The Complaint alleges bouncers removed Buffalo from the Bar but did not escort him off the premises. Ex. A, ¶ 19.

14. The Complaint alleges shortly that before the Bar closed, Beau and his friends exited the Bar and went to their vehicles, which were parked in the parking lot. Ex. A, ¶ 20.

15. The Complaint alleges Buffalo jumped Beau in the parking lot and that during the altercation, Buffalo retrieved a firearm and shot Beau, who later died. Ex. A, ¶ 21; 24.

16. The Complaint alleges Buffalo was arrested and charged with Beau's murder. Ex. A, ¶ 25.

17. The Complaint alleges SBD is liable for violation of Montana Code Annotated § 27-1-710, and that Buffalo's consumption of alcohol was a cause-in-fact of the aggression he acted upon toward Beau, including Buffalo's impulsive decision to shoot Beau and Beau's resulting death. Ex. A, ¶ 27-31.

18. The Complaint alleges SBD owed Beau a duty to use reasonable care to (1) provide adequate staff to safely police the premises, including the parking lot, (2) not tolerate "disorderly conditions," (3) stop fights as soon as possible upon eruption, and (4) protect Beau from Buffalo, who had a known propensity for

fighting or who the Bar otherwise knew presented a particular danger or harm to Beau. Ex. A, ¶ 35.

19. The Complaint alleges SBD breached duties owed to Beau, including (1) failing to implement measures before Beau's murder to reduce the propensity for violence and disorderly conduct, (2) failing to ban Buffalo from the Bar after his fight with Beau on the night of February 3-4, 2023, or February 4-5, 2023, (3) failing to stop the fight between Buffalo and Beau before it escalated to the point of Buffalo shooting Beau, which alleged breaches were a cause-in-fact of Beau's murder. Ex. A, ¶ 36-41.

20. On or about March 21, 2023, SBD provided Golden Bear notice of the Underlying Lawsuit, seeking defense, indemnity or other payment under the Golden Bear Policy for the Underlying Lawsuit.

21. On or about March 24, 2023, Golden Bear acknowledged receipt of notice of the Underlying Lawsuit and denied coverage for the claims under the Golden Bear Policy pursuant to an assault and battery exclusion in the Golden Bear Policy. A copy of Golden Bear's March 24, 2023, denial letter to SBD is attached as **Exhibit B**.

22. On or about November 27, 2024, counsel for SBD issued correspondence to Golden Bear challenging Golden Bear's prior coverage denial to

SBD for the Underlying Lawsuit and renewing its demand to Golden Bear to defend and indemnify SBD in the Underlying Lawsuit.

23. On January 17, 2025, counsel for Golden Bear issued correspondence to counsel for SBD again denying coverage to SBD for the Underlying Lawsuit under the Golden Bear Policy pursuant to the assault and battery exclusion in the Golden Bear Policy and requesting that SBD withdraw its tender to Golden Bear for the Underlying Lawsuit.

24. On February 7, 2025, counsel for Golden Bear sent an email to SBD's counsel and thereafter left voicemails for SBD's counsel inquiring as to whether SBD would execute the tender withdrawal. To date, SBD's counsel has failed to respond to Golden Bear's request that SBD withdraw its tender to Golden Bear for the Underlying Lawsuit.

## **The Policy**

25. Golden Bear issued Commercial General Liability policy no. GBL33000337-00 to SBD for the policy period October 11, 2022 to October 11, 2023 ("the Golden Bear Policy"). A true and correct copy of the Golden Bear Policy is attached as **Exhibit C** and redacted as to rating and premium information only.

26. The declarations page of the Golden Bear Policy states that the limits of insurance for General Liability Coverage are $1 million each occurrence and $2 million in the aggregate. Ex. C.

27. The declarations page of the Golden Bear Policy states that the limits of insurance for Liquor Liability Coverage are $1 million for each common cause and $1 million in the aggregate. Ex. C.

28. With respect to General Liability Coverage, the Golden Bear Policy provides that Golden Bear "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Ex. C.

29. With respect to General Liability Coverage, the Golden Bear Policy further provides that the Golden Bear Policy applies to "bodily injury" and "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory." Ex. C.

30. With respect to Liquor Liability Coverage, the Golden Bear Policy provides that Golden Bear "will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." Ex. C.

31. The Golden Bear Policy defines the term "injury" as "damages because of 'bodily injury' and 'property damage', including damages for care, loss of services or loss of support." Ex. C.

32. The Golden Bear Policy defines the term "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Ex. C.

33. The Golden Bear Policy defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. C.

### Assault and Battery Exclusion

34. The Golden Bear Policy contains the "Exclusion-Assault & Battery" endorsement (no. GBR 212 02/14) (hereinafter the "A&B Exclusion"), which provides as follows:

> **This endorsement modifies insurance provided under the following:**
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> LIQUOR LIABILITY COVERAGE PART
>
> A. COMMERCIAL GENERAL LIABILITY COVERAGE PART, SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, a. Expected or Intended Injury and LIQUOR LIABILITY COVERAGE PART, SECTION I – LIQUOR LIABILITY COVERAGE, 2. Exclusions, a. Expected or Intended Injury are replaced by the following:

a. Expected or Intended Injury
   "Bodily injury" or "property damage" expected or intended form the standpoint of the insured.

B. The following exclusion is added as an item to the COMMERCIAL GENERAL LIABILITY COVERAGE PART, SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions; COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions; COVERAGE C, MEDICAL PAYMENTS, 2. Exclusions, and to the LIQUOR LIABILITY COVERAGE PART, SECTION I - LIQUOR LIABILITY COVERAGE, 2. Exclusions:

This insurance does not apply to claims or "suits" to recover damages for "bodily injury," or "property damage," "personal and advertising injury," or medical payments arising from any of the following acts, allegations, or causes of action:

1. Assault;
2. Battery;
3. Harmful or offensive contact between or among two or more persons;
4. Apprehension of harmful or offensive contact between or among two or more persons;
5. Threats by words or deeds;
6. Unlawful restraint or false imprisonment;
7. Negligent hiring or retention of any employee resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
8. Failure to supervise or train any employee resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
9. Negligent entrustment resulting in or pertaining to any act or allegation of any act identified in 1-6 above;
10. Negligent rescue in the aiding or failing to aid any person from any act or allegation of any act identified in 1-6 above, even if the rescue was an independent cause of harm or alleged to be;
11. Negligent maintenance of the premises resulting in or pertaining to any act or allegation of any act identified in 1-6 above;

12. Any actual or alleged failure to prevent, halt, or bar any act identified in 1-6 above, or
13. Indemnity for any act identified in 1-6 above.

The above acts, allegations, or causes of action shall not be deemed an "occurrence" and we have no duty to defend or indemnify an insured regardless of the degree of culpability or intent and without regard to:

1. Whether damages sought are for "bodily injury," "property damage," "personal injury," or "advertising injury";
2. The intent or culpability of an insured, an employee, or "third party";
3. Whether the claim, demand, or suit alleges that an insured acted directly or indirectly to cause damage;
4. Whether the claim, demand, or suit alleges that liability is based upon the doctrine of respondent superior;
5. Whether the claim, demand, or suit alleges that the insured trained, instructed, directed, influenced, or controlled its employees or "third parties" in such a manner so as to cause damage or danger;
6. Whether the acts, allegations, or causes of action identified above occurred on or off the insured's jobsite or designated premises or premises owned, occupied, leased or rented by the insured;
7. Whether the claim, demand, or suit alleges that the insured or his officers, employees, or agents failed to prevent, bar or halt any conduct which is the basis of any act, allegation, or cause of action listed in Section B, items 1-13 above, or
8. Whether or not the claim, demand, or suit alleges indemnity is owed pursuant to a contract.

C. This exclusion also applies to any claims, demands, or suits by any other person, firm, estate, entity or organization asserting rights derived from, or contingent upon, any person asserting a claim excluded by Section B, items 1-13 above.

D. This exclusion applies to all damages to persons or property, regardless of the damages alleged, claimed, stipulated or awarded, including costs and fees.

35. The A&B Exclusion defines the term "third party" to mean "agents, independent contractors, sub-contractors, patrons, customers, lessors or lessees, security personnel, or any other persons lawfully or unlawfully on the insured's designated premise."

36. Buffalo qualifies as a "third party" as that term is defined in the Golden Bear Policy.

## COUNT I

### Declaratory Judgment – No Duty to Defend or Indemnify – A&B Exclusion

37. Golden Bear repeats, re-alleges, and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

38. The A&B Exclusion excludes coverage for claims or "suits" to recover damages for "bodily injury" arising from enumerated acts, allegations, or causes of action, including, but not limited to, assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, or threats by words or deeds. Ex. C.

39. The A&B Exclusion further excludes coverage for, *inter alia*, claims or "suits" to recover damages for "bodily injury" arising from (1) negligent hiring or retention of any employee resulting in or pertaining to any act or allegation of any act of assault, battery, harmful or offensive contact between or among two or more

persons, apprehension of harmful or offensive contact between or among two or more persons, threats by words or deeds, etc.; (2) failure to supervise or train any employee resulting in or pertaining to any act or allegation of any act of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, threats by words or deeds, etc.; (3) negligent rescue in the aiding or failing to aid any person from any act or allegation of any act of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, threats by words or deeds, etc.; (4) negligent maintenance of the premises resulting in or pertaining to any act or allegation of any act of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, threats by words or deeds, etc.; and (5) any actual or alleged failure to prevent, halt, or bar any act of assault, battery, harmful or offensive contact between or among two or more persons, apprehension of harmful or offensive contact between or among two or more persons, or threats by words or deeds. Ex. C.

40. The A&B Exclusion further states that Golden Bear owes no duty to defend or indemnify an insured with respect to the acts, allegations, or causes of action identified in paragraphs 38 and 39, above, and as set forth in full in the A&B

Exclusion, regardless of the degree of culpability or intent, and without regard to (1) the intent or culpability of an insured, an employee, or a "third party;" (2) whether the claim, demand, or suit alleges that an insured acted directly or indirectly to cause damage; (3) whether the claim, demand, or suit alleges that the insured trained, instructed, directed, influenced, or controlled its employees or "third parties" in such a manner so as to cause damage or danger; or (4) whether the claim, demand, or suit alleges that the insured or his officers, employees, or agents failed to prevent, bar or halt any conduct which is the basis of any act, allegation, or cause of action of assault, battery, harmful or offensive contact between or among two or more persons, or apprehension of harmful or offensive contact between or among two or more persons. Ex. C.

41. The A&B Exclusion further states that it applies to any claims, demands, or suits by any other person, firm, estate, entity or organization asserting rights derived from, or contingent upon, any person asserting a claim excluded by Section B, items 1-13 of the A&B Exclusion and applies to all damages to persons or property, regardless of the damages alleged, claimed, stipulated or awarded, including costs and fees. Ex. E.

42. The Complaint alleges Buffalo "jumped Beau in the parking lot" and that "[d]uring the altercation, Buffalo retrieved a firearm and shot Beau." Ex. A, ¶ 21.

43. Buffalo qualifies as a "third party" as defined by the Golden Bear Policy.

44. The Complaint constitutes a claim or "suit" against SBD to recover damages for "bodily injury" arising from the acts, allegations or causes of action identified in the A&B Exclusion.

45. The A&B Exclusion applies regardless of the degree of culpability or intent and without regard to the intent or culpability of an insured, an employee or a "third party," including the intent or culpability of Buffalo.

46. The Complaint alleges claims against SBD to recover for "bodily injury" arising from the acts, allegations or causes of actions identified in the A&B Exclusion.

47. The A&B Exclusion applies to the Estate's claims against SBD and precludes any duty to defend or indemnify SBD under the Golden Bear Policy.

48. SBD has failed to respond to Golden Bear's request that it withdraw its tender to Golden Bear for the Underlying Lawsuit.

49. An actual and justiciable controversy has arisen between Golden Bear on the one hand, and SBD on the other, concerning the obligations and scope of coverage available under the Golden Bear Policy with regard to the Estate's claims against SBD.

50. A judicial declaration is necessary and appropriate at this time so that Golden Bear can ascertain its coverage obligations to SBD for defense and indemnity under the Golden Bear Policy with regard to the Estate's claims against SBD. A judicial declaration of the parties' rights and obligations under the Golden Bear Policy will obviate further disputes and terminate the uncertainty and controversy that has given rise to this proceeding.

WHEREFORE, Golden Bear respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the Golden Bear Policy and (1) declare that the A&B Exclusion in the Golden Bear Policy applies to the Estate's claims against SBD; (2) declare that Golden Bear has no duty to defend or indemnify and has no other obligations or duties to SBD relative to the claims asserted by the Estate against SBD; and (3) provide such other and further relief as this Court may deem just and equitable.

DATED this 28th day of May, 2025.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By /s/ Steve Fitzpatrick
  Steve J. Fitzpatrick
  *Attorneys for Golden Bear Insurance Company*